UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ALFREDO GUZMAN LOPEZ, OFELIA REYES, RAUL LINARES-ARENAS, REGULO-ANDON AGUILAR, HIPOLITO SIERRA LEON, ABAD TORRES-JACOBO, and ROBERTO TORRES-JACOBO,

Plaintiffs,

-against-

TRAVELERS WEST INC. d/b/a 3 STAR COFFEE SHOP and ANTHONY GIANNOPOULOS,

Defendants.
---------------------------------------------------------------x

Docket No.: 14-cv-1884 (PAE)

**MEMORANDUM OF LAW IN SUPPORT OF TRAVELERS WEST INC. D/B/A 3 STAR COFFEE SHOP AND ANTHONY GIANNOPOULOS' MOTION TO DISMISS THE 8TH AND 9TH CAUSES OF ACTION PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

CULLENandDYKMANLLP

100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1
FACTUAL BACKGROUND .......... 1
PROCEDURAL BACKGROUND .......... 3
ARGUMENT .......... 3
STANDARD OF REVIEW .......... 3
POINT I PLAINTIFFS HAVE NOT ALLEGED THE REQUISITE ELEMENTS FOR RACE/NATIONAL ORIGIN DISCRIMINATION UNDER THE NYCHRL .......... 4
A. National Origin Discrimination .......... 4
B. Race Discrimination .......... 6
C. Hostile Work Environment .......... 7
POINT II PLAINTIFF REYES DID NOT STATE A CLAIM FOR .......... 9
GENDER DISCRIMINATION UNDER THE NYCHRL .......... 9
POINT III PLAINTIFFS' RACE/NATIONAL ORIGIN CLAIMS .......... 10
UNDER THE NYCHRL ARE TIME-BARRED .......... 10
CONCLUSION .......... 11

**TABLE OF AUTHORITIES**

Acosta v. City of New York, 2012 U.S. Dist. LEXIS 60460 (S.D.N.Y. April 26, 2012) .......... 6, 7

Barounis v. New York City Police Department, 2012 U.S. Dist. LEXIS 176477 (S.D.N.Y. December 12, 2012) .......... 11

Bell Atlantic Corp. v. Twombly, 550 U.S. 570 (2007) .......... 3

Britt v. Merrill Lynch & Co., Inc., 2011 U.S. Dist. LEXIS 96881 (S.D.N.Y. 2011) .......... 12

Durant v. New York City Hous. Auth., 2013 U.S. Dist. LEXIS 45946 (E.D.N.Y. Mar. 4, 2013). 7

Falu v. Seward & Kissel, 2010 N.Y. Misc. LEXIS 2562, * 8 (NY Cty. 2010) .......... 5

Fattoruso v. Hilton Grand Vacations Co., LLC, 873 F. Supp. 2d 569 (S.D.N.Y. 2012) .......... 8

Fenner v. News Corp., 2013 U.S. Dist. LEXIS 170187 (S.D.N.Y. December 2, 2013) .......... 8

Galanis v. The Harmonie Club of the City of New York, 2014 U.S. Dist. LEXIS 3001 (S.D.N.Y. January 10, 2014) .......... 5

Grant Brox. Constr. v. U.S., 232 U.S. 647; 34 S. Ct. 452; 58 L. Ed. 77 (1914) .......... 5

Harris v. NYU Langone Medical Center, 2013 U.S. Dist. LEXIS 99328 (S.D.N.Y. July 9, 2013) .......... 7, 8

Johnson v. Medisys Health Network, 2011 U.S. Dist. LEXIS 156828 (E.D.N.Y. April 28, 2011) .......... 11

Magnoni v. Smith & Laquercia, LLP, 701 F. Supp. 2d 497, 505-06 (S.D.N.Y. 2010) ...... 9, 10, 11

Nelson v. HSBC Bank USA, 87 A.D.3d 995, 929 N.Y.S.2d 259, 265 (2d Dep't. 2011) .......... 11

Rivera v. Rochester Genesee Regional Transportation Authority, 702 F.3d 685 at 693 n.4 (2d Cir. 2012) .......... 9

Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 609 (2d Cir. 2006) .......... 8

Sotomayor v. City of New York, 862 F. Supp. 2d 226, 248-49 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013)........................................................................................ 9

Summa v. Hofstra University, 708 F.3d 115 at 123-24 (2d Cir. 2013) ........................................ 8

United States v. Brignoni-Ponce, 422 U.S. 873, 886, 95 S. Ct. 2574, 45 L. Ed. 2d 607 (1975).... 5

Williams v. Metro-North Commuter Railroad Co., 2012 U.S. Dist. LEXIS 86631 (S.D.N.Y. June 20, 2012)................................................................................................ 8

Williams v. New York City Housing Authority, 61 A.D.3d 62 (1st Dep't. 2009)........................ 10

Williams, 61 A.D.3d 62 at ***34 ............................................................................................ 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ALFREDO GUZMAN LOPEZ, OFELIA REYES, RAUL LINARES-ARENAS, REGULO-ANDON AGUILAR, HIPOLITO SIERRA LEON, ABAD TORRES-JACOBO, and ROBERTO TORRES-JACOBO,

Plaintiffs,

Docket No.: 14-cv-1884 (PAE)

-against-

TRAVELERS WEST INC. d/b/a 3 STAR COFFEE SHOP and ANTHONY GIANNOPOULOS,

Defendants.

-------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF TRAVELERS WEST INC. D/B/A 3 STAR COFFEE SHOP AND ANTHONY GIANNOPOULOS' MOTION TO DISMISS THE 8TH AND 9TH CAUSES OF ACTION PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PRELIMINARY STATEMENT**

Defendants, Travelers West Inc. d/b/a 3 Star Coffee Shop and Anthony Giannopoulos ("Defendants" or "3 Star"), by their attorneys Cullen and Dykman LLP, respectfully submit this Memorandum of Law and the affidavit of Cynthia A. Augello dated June 6, 2014 in support of their motion to dismiss the 8th and 9th causes of action in plaintiff's Complaint. 3 Star brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff has failed to state a claim upon which relief can be granted as to those claims.

**FACTUAL BACKGROUND**

Plaintiff Alfredo Guzman Lopez ("Lopez") worked for 3 Star for 11 years as a cook. *See* Complaint at ¶ 5. Plaintiff Ragulo-Andon Aguilar ("Aguilar") worked for 3 Star for four years as a cook. *See* Complaint at ¶ 6. Plaintiff Ofelia Reyes ("Reyes") worked for 3 Star for

approximately three and one half years as a server. *See* Complaint at ¶ 7. Raul Linares-Arenas ("Linares-Arenas") worked for 3 Star for approximately a total of two and one half years as a server. *See* Complaint at ¶ 8. Plaintiff Hipolito Sierra Leon ("Leon") worked for 3 Star for approximately three years as a server. *See* Complaint at ¶ 9. Plaintiff Abad Torres-Jacobo ("Abad") worked for 3 Star for 16 years as a dishwasher. *See* Complaint at ¶ 10. Plaintiff Roberto Torres-Jacobo ("Roberto") worked for 3 Star for 15 years as a dishwasher. *See* Complaint at ¶ 11. Despite working for 3 Star for many years without any kind of complaint whatsoever, Plaintiffs, in their vague and disjointed Complaint, are now claiming violations of various wage and hour laws and New York City Human Rights discrimination laws[1]. *See generally* Complaint. However, notably, Plaintiffs have not described any adverse employment action with respect to their claims pursuant to the New York City Human Rights Law ("NYCHRL") nor have they alleged there were any similarly situated employees that they believe were treated different/better than Plaintiffs. *See generally* Complaint ¶¶ 36 through 44 and 80 through 91. With respect to the alleged "discrimination based on sex", Plaintiff Reyes fails to allege any male employee treated better than her. *See* Complaint ¶¶ 36-41 and 80-86.

With respect to their claim of "discrimination based on race/national origin", Plaintiffs fail to state any facts that indicate that they were discriminated against based on their race or their national origin. *See generally* Complaint. Plaintiffs merely state that a single solitary term of "lousy" was used allegedly in reference to unnamed cooks, not necessarily Plaintiffs, that were employed by 3 Star. *See* Complaint at ¶ 44. Notably, Plaintiffs failed to allege whether the two Plaintiffs that were employed by 3 Star as a "cook" were ever called "lousy". *See* Complaint

[1] As this Motion concerns only Plaintiffs' claims pursuant to the New York City Human Rights Law, the facts pertaining to Plaintiffs' labor law claims have been omitted.

at ¶¶ 42-44 and 87-91. Plaintiffs' have not indicated that they suffered any adverse employment or damages action as a result of the unknown cooks being called "lousy". *Id.*

## PROCEDURAL BACKGROUND

Plaintiffs commenced this action by filing the summons and complaint on March 18, 2014. Docket Entry 2. By letter dated April 11, 2014, Defendants, through their counsel, requested an extension of time to respond to the Complaint from April 22, 2014 to June 6, 2014. Docket Entry 8. Defendants' request was granted on April 11, 2014. Docket Entry 9.

## ARGUMENT

## STANDARD OF REVIEW

A defendant can move to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) where the plaintiff "fail[s] to state a claim upon which relief can be granted." In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court explained that "to survive a motion to dismiss, a complaint must contain sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. 1937, (*quoting*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007)). Under *Twombly*, to state a claim, a party's factual allegations must raise a right to relief above the speculative level. *Id.* at 555. The *Iqbal* Court further explained that although a plaintiff is not required to make detailed factual allegations, a complaint must show more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* 129 S. Ct. at 1949at 1949.

To survive a motion to dismiss, a party cannot allege "labels and onclusions." *Twombly*, 550 U.S. at 555. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, at 570). "A claim has facial plausibility when the plaintiff pleads sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* The plausibility standard asks for "more than a mere possibility that a defendant has acted unlawfully." *Id.*

The Supreme Court has directed that "two working principles" underlie a motion to dismiss inquiry. At the outset, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, at 555). In addition, "only a complaint that states a plausible claim for relief will survive a motion to dismiss." *Iqbal*, at 1950 (citing *Twombly*, at 556). Determining whether a complaint states a plausible claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* As will be *Seen infra*, Plaintiffs' allegations in their Complaint fail to support their claims for relief in a manner sufficient to satisfy the *Twombly/Iqbal* "plausibility standard."

**POINT I**

**PLAINTIFFS HAVE NOT ALLEGED THE REQUISITE ELEMENTS FOR RACE/NATIONAL ORIGIN DISCRIMINATION UNDER THE NYCHRL**

It is completely unclear whether the Plaintiffs are alleging that they were subject to a hostile work environment or if they are claiming discrimination based on race/national origin, however, both claims fail.

A. National Origin Discrimination

New York Courts have held that in order to successfully plead a cause of action for national origin discrimination, plaintiff must show that (1) she is a member of a protected class;

(2) she was qualified to hold the position (3) she was terminated from employment or suffered another adverse employment action; and (4) the discharge occurred under circumstances giving rise to an inference of national origin discrimination. *Falu v. Seward & Kissel*, 2010 N.Y. Misc. LEXIS 2562, * 8 (NY Cty. 2010). However, "the NYCHRL, like Title VII and the NYSHRL, is still not a general civility code, and petty slights and trivial inconveniences are not actionable." *Davis-Bell*, 851 F. Supp. 2d at 671 (internal quotation marks omitted). Moreover, a plaintiff claiming national origin discrimination must allege that the discrimination is due to the plaintiff's national origin. *See Grant Brox. Constr. v. U.S.*, 232 U.S. 647; 34 S. Ct. 452; 58 L. Ed. 77 (1914) ("The mere fact that the laborers were of Mexican descent is no proof that they were born in Mexico.); *United States v. Brignoni-Ponce*, 422 U.S. 873, 886, 95 S. Ct. 2574, 45 L. Ed. 2d 607 (1975) (being of Mexican descent does not justify a reasonable belief that one is an alien).

Even under the more liberal standards of the NYCHRL, a Plaintiff must still allege an adverse employment action in correlation with his or her national origin. *See Galanis v. The Harmonie Club of the City of New York*, 2014 U.S. Dist. LEXIS 3001 (S.D.N.Y. January 10, 2014) ("Plaintiff's Complaint is factually deficient with respect to his national origin claims. Plaintiff does not present any facts demonstrating that the Club took an adverse employment action (or any adverse action) against him because of his national origin. Therefore, even under the more liberal standard of the NYCHRL, Plaintiff cannot satisfy the elements of national origin-based discrimination claim so as to survive Defendants' motion to dismiss.")

The Complaint fails in several respects as to Plaintiffs' claims of discrimination based on national origin. First, the Complaint offers not one scintilla of factual support for Plaintiffs' allegation that they were discriminated against due to their respective national origins. In fact,

other than claiming that Plaintiffs are all of "Mexican descent", Plaintiffs allege nothing further. Moreover, Plaintiffs have failed to allege any adverse employment action as a result of the alleged discrimination based on Plaintiffs' "national origin". Therefore, logically, it would be impossible to infer that any action taken against Plaintiffs, as none were alleged, were taken against Plaintiffs due to their respective "national origin". Simply put, Plaintiffs failed to allege a national origin, an adverse employment action or any connection between and among the two. As such, Plaintiffs' claims based on their "national origin" must be dismissed.

B. Race Discrimination

As to a discrimination claim, it is well settled that claims of employment discrimination under the NYCHRL are subject to the *McDonnell-Douglas* burden shifting analysis. *Acosta v. City of New York*, 2012 U.S. Dist. LEXIS 60460 (S.D.N.Y. April 26, 2012). Although claims under the NYCHRL are to be more liberally construed, they still need to meet the standard of pleading set forth in *Twombly* and *Iqbal. Id.* Where a plaintiff fails to allege the requisite elements, the claim must fail. *Id.* Specifically, a plaintiff must demonstrate and allege the following: (1) membership in a protected class; (2) qualifications for the position; (3) an adverse employment action; and (4) under circumstances giving rise to an inference of discrimination. *Id.* Actions are routinely dismissed where a complaint is devoid of allegations that an adverse employment action was taken that was or could be connected to racial discrimination. *See, e.g., Harris v. NYU Langone Medical Center*, 2013 U.S. Dist. LEXIS 99328 (S.D.N.Y. July 9, 2013); *Durant v. New York City Hous. Auth.*, 2013 U.S. Dist. LEXIS 45946 (E.D.N.Y. Mar. 4, 2013).

Here, Plaintiffs do not claim any adverse employment action as a result of racial discrimination. Plaintiffs do not allege that they are Hispanic, rather they allege that Hispanic employees were spoken to "in a demeaning manner". *See* Complaint at ¶ 43. Plaintiffs merely

claim that certain unnamed cooks were called "lousy". *See* Complaint at ¶44. They make no reference to any indication that being called "lousy" had anything to do with their race or that being called "lousy" is an adverse employment action. Necessarily following, there is no causal connection between an adverse action and the alleged racial discrimination. As such, Plaintiffs' claims pursuant to the NYCHRL based on race, must be dismissed.

C. Hostile Work Environment

To make out a claim for hostile work environment, a plaintiff must allege that he or she was treated differently on account of their membership in a protected class. *Acosta v. City of New York*, 2012 U.S. Dist. LEXIS 60460 (S.D.N.Y. April 26, 2012) (claim dismissed where no allegations were made that the differing treatment was based on race.). Specifically, a plaintiff must show that he or she was treated less well than other similarly situated employees, at least in part for discriminatory reasons. *Fenner v. News Corp.*, 2013 U.S. Dist. LEXIS 170187 (S.D.N.Y. December 2, 2013). Moreover, it is not enough to support a claim of hostile work environment where the employer is merely overbearing or obnoxious. *See id.* A plaintiff must plead facts tending to show that actions that created the alleged hostile work environment were taken against him or her because of a prohibited factor. *Harris v. NYU Langone Medical Center*, 2013 U.S. Dist. LEXIS 99328 (S.D.N.Y. July 9, 2013); *Williams v. Metro-North Commuter Railroad Co.*, 2012 U.S. Dist. LEXIS 86631 (S.D.N.Y. June 20, 2012) (finding plaintiff's failure to allege that defendant's acts were perpetrated against him due to his race or gender was "fatal to his hostile work environment claim"); *Fattoruso v. Hilton Grand Vacations Co., LLC*, 873 F. Supp. 2d 569 (S.D.N.Y. 2012) (dismissing NYCHRL claim for hostile work environment because plaintiff failed to allege anything to indicate that he was treated unequally based on his gender). NYSHRL hostile work environment claims are analyzed under the same standard as

Title VII hostile work environment claims. *See Summa v. Hofstra University*, 708 F.3d 115 at 123-24 (2d Cir. 2013) ("Hostile work environment claims under both [federal law] and the NYSHRL are governed by the same standard." (citing *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 609 (2d Cir. 2006)); *see also Rivera v. Rochester Genesee Regional Transportation Authority*, 702 F.3d 685 at 693 n.4 (2d Cir. 2012) (explaining that the same standards that applied to the plaintiff's Title VII hostile work environment claim also applied to his hostile work environment claim arising under the NYSHRL). The NYCHRL does not differentiate between discrimination and hostile work environment claims; rather, both are governed by N.Y.C. Admin. Code § 8-107(1)(a). *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 248-49 (E.D.N.Y. 2012), *aff'd*, 713 F.3d 163 (2d Cir. 2013) ("Hostile work environment claims are analyzed under the same provision of the NYCHRL as discrimination claims."). Isolated incidents of unwelcome verbal and physical conduct have been found to constitute the type of "petty slights and trivial inconveniences" that are not actionable even under the more liberal NYCHRL standard. *See, e.g., Magnoni v. Smith & Laquercia, LLP*, 701 F. Supp. 2d 497, 505-06 (S.D.N.Y. 2010) (finding that the plaintiff could not sustain a sexual harassment claim under NYCHRL where her supervisor "[told] a crude anecodote from his sex life with another woman, and occasionally refer[ed] to [the plaintiff] as voluptuous and knock[ed] her knee").

Here, Plaintiffs do not allege they were treated differently than any other employee. In fact, they completely fail to mention whether any other employees even existed. Moreover, in addition to a complete failure to allege that they were treated different than other employees, Plaintiffs fail to allege that any actions against them were taken or that they were treated differently due to their race/national origin. Logically, without such a claim or comparison, Plaintiffs cannot sustain a claim based on hostile work environment based on race/national

origin. Furthermore, other than an isolated statement, even if repeated several times, does not implicate liability for a hostile work environment. See *Magnoni v. Smith & Laquercia, LLP*, 701 F. Supp. 2d 497, 505-06 (S.D.N.Y. 2010). Plaintiffs allege that the "cooks" were called "lousy". *See* Complaint at ¶ 44. They do not indicate who such cooks were, if they were the two cook Plaintiffs or if any of the other Plaintiffs heard such a statement or were offended by it. As such, Plaintiffs' Ninth Cause of Action must be dismissed.

**POINT II**

**PLAINTIFF REYES DID NOT STATE A CLAIM FOR GENDER DISCRIMINATION UNDER THE NYCHRL**

Plaintiff Reyes has alleged no facts indicating that she was discriminated against in any manner including due to her gender. "Despite the popular notion that 'sex discrimination' and 'sexual harassment' are two distinct things, it is, of course, the case that the latter is one species of sex- or gender-based discrimination. It is important to note that **there is no 'sexual harassment provision' of the law to interpret; there is only the provision of the law that proscribes imposing different terms, conditions, and privileges of employment based, inter alia, on gender."** *Williams v. New York City Housing Authority*, 61 A.D.3d 62 (1st Dep't. 2009) (emphasis added). *See also* Administrative Code § 8-107[1] [a]. For NYCHRL liability, the primary issue for a trier of fact in harassment cases, "is whether the plaintiff has proven by a preponderance of the evidence that she has been treated less well than other employees because of gender." *Williams,* 61 A.D.3d 62 at ***34. The Second Circuit has explained that the action that is alleged to be gender-based must rise to the level of an "adverse employment action" and that this action "must cause a materially adverse change in the terms and conditions of

employment and not just mere inconvenience", in order to qualify as "adverse". *Johnson v. Medisys Health Network*, 2011 U.S. Dist. LEXIS 156828 (E.D.N.Y. April 28, 2011).

Moreover, isolated incidents of unwelcome verbal and physical conduct have been found to constitute the type of "petty slights and trivial inconveniences" that are not actionable even under the more liberal NYCHRL standard. *See, e.g., Magnoni v. Smith & Laquercia, LLP*, 701 F. Supp. 2d 497, 505-06 (S.D.N.Y. 2010) (finding that the plaintiff could not sustain a sexual harassment claim under NYCHRL where her supervisor "[told] a crude anecodote from his sex life with another woman, and occasionally refer[ed] to [the plaintiff] as voluptuous and knock[ed] her knee").

To establish a gender discrimination claim under the NYCHRL, Plaintiff Reyes must at least allege that she has been treated less well than other employees because of her gender. *Nelson v. HSBC Bank USA*, 87 A.D.3d 995, 929 N.Y.S.2d 259, 265 (2d Dep't. 2011); *Barounis v. New York City Police Department*, 2012 U.S. Dist. LEXIS 176477 (S.D.N.Y. December 12, 2012). The Complaint fails to include any comparison of male to female employees. Furthermore, Plaintiff Reyes has not described any adverse employment action as a result of the alleged discrimination based on her gender as required. *Britt v. Merrill Lynch & Co., Inc.*, 2011 U.S. Dist. LEXIS 96881 (S.D.N.Y. 2011). Simply put, Plaintiff Reyes' claim for gender discrimination under the NYCHRL is insufficient as a matter of law and therefore must be dismissed.

## POINT III

## PLAINTIFFS' RACE/NATIONAL ORIGIN CLAIMS UNDER THE NYCHRL ARE TIME-BARRED

The statute of limitations for claims under the NYCHRL is three years. N.Y.C. Admin. Code § 8-502(d). Plaintiffs merely allege that they were referred to as "lousy" on a weekly

basis, however did not mention when it began or when it ceased. As can be seen in the Complaint, Plaintiff Lopez worked for 3 Star beginning in 2003 and remained employed until February 2014. Plaintiffs Aguilar, Reyes, Linares-Arenas and Leon worked for 3 Star beginning in 2010. Plaintiff Abad Torres-Jacobo began working for 3 Star in 1998 and Roberto Torres-Jacobo began working for 3 Star in 1999. As Plaintiffs do not give any indication as to when the alleged comments were made, Defendants contend that the claims are time-barred as Plaintiffs do not allege the comments were made within the statute of limitations period. As such, the 8th and 9th causes of action in the Complaint must be dismissed.

## CONCLUSION

For all the foregoing reasons, the 3 Star Defendants respectfully request that the 8th and 9th causes of action in Plaintiffs' Complaint be dismissed with prejudice as to their Eighth and Ninth causes of action.

Dated: Garden City, New York
June 6, 2014

CULLEN AND DYKMAN LLP

By: ______________________
Cynthia A. Augello (CA3839)
Attorneys for Defendants
Travelers West Inc. d/b/a 3 Star Coffee Shop and Anthony Giannopoulos
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3753

Of Counsel:

Cynthia A. Augello
Andreas Koutsoudakis