UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALFREDO GUZMAN LOPEZ, OFELIA
REYES, RAUL LINARES-ARENAS,
REGULO-ANDON AGUILAR, HIPOLITO
SIERRA LEON, ABAD TORRES-JACOBO,
and ROBERTO TORRES-JACOBO,

                                 Docket No.:  14-cv-1884
                                 (PAE)

                          Plaintiffs,

       -against-

TRAVELERS WEST INC. d/b/a 3 STAR
COFFEE SHOP and ANTHONY
GIANNOPOULOS,
                         Defendants.
-------------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF TRAVELERS WEST INC. D/B/A 3 STAR COFFEE SHOP AND ANTHONY GIANNOPOULOS' MOTION TO DISMISS THE 8TH AND 9TH CAUSES OF ACTION PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

#### PRELIMINARY STATEMENT

Defendants, Travelers West Inc. d/b/a 3 Star Coffee Shop and Anthony Giannopoulos ("Defendants" or "3 Star"), by their attorneys Cullen and Dykman LLP, respectfully submit this Reply Memorandum of Law in Further Support of their motion to dismiss the 8th and 9th causes of action in plaintiff's Complaint. 3 Star brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff has failed to state a claim upon which relief can be granted as to those claims. Specifically, as will be discussed herein Plaintiffs fail to allege any adverse employment actions, they fail to allege their respective races, they make no correlation between the alleged action and their national origin, most of the alleged incidents described fall outside of the statute of limitations period, and Plaintiffs fail to allege any similarly situated employees.  As such, both the 8th and 9th causes of action fail and must be dismissed.

## ARGUMENT

### POINT I

### PLAINTIFFS HAVE NOT ALLEGED THE REQUISITE ELEMENTS FOR A HOSTILE WORK ENVIRONMENT BASED ON NATIONAL ORIGIN

Plaintiffs have failed to allege any actionable claims with respect to their hostile work environment claim based on race. To make out a claim for hostile work environment, a plaintiff must allege that he or she was treated differently on account of their membership in a protected class. *Acosta v. City of New York*, 2012 U.S. Dist. LEXIS 60460 (S.D.N.Y. April 26, 2012) (claim dismissed where no allegations were made that the differing treatment was based on race.). Specifically, a plaintiff must show that he or she was treated less well than other **similarly situated employees**, at least in part for discriminatory reasons. *Fenner v. News Corp.*, 2013 U.S. Dist. LEXIS 170187 (S.D.N.Y. December 2, 2013).

Isolated incidents of unwelcome verbal and physical conduct have been found to constitute the type of "petty slights and trivial inconveniences" that are not actionable even under the more liberal NYCHRL standard. *See, e.g., Magnoni v. Smith & Laquercia, LLP*, 701 F. Supp. 2d 497, 505-06 (S.D.N.Y. 2010) (finding that the plaintiff could not sustain a sexual harassment claim under NYCHRL where her supervisor "[told] a crude anecdote from his sex life with another woman, and occasionally refer[ed] to [the plaintiff] as voluptuous and knock[ed] her knee"); *Rozenfeld v. Dep't. of Design & Const. of N.Y.C.*, 875 F. Supp. 2d 189 (E.D.N.Y. 2012) (holding that the few instances alleged by the plaintiff did not demonstrate animus and were too minor to meet NYCHRL's hostile work environment standard); *Sotomayor*, 862 F. Supp. 2d at 261 (dismissing plaintiff's NYCHRL hostile work environment claim because "plaintiff cannot show that a hostile work environment was created 'because of her race, age, or national origin'").

Furthermore, secondhand comments are not as impactful on one's environment as are direct statements; consequently, they are less persuasive in stating a hostile work environment claim. *See Woodard v. TWC Media Solutions, Inc.*, No. 09-cv-3000 (BSJ)(AJP), 2011 U.S. Dist. LEXIS 1536, 2011

WL 70386, at *12 (S.D.N.Y. Jan. 4, 2011), aff'd 487 F. App'x 613 (2d Cir. 2012) ("[W]here plaintiff was not the direct recipient of harassing or threatening comments, they are far less persuasive in establishing a claim of hostile work environment."); *see also Yuknis v. First Student, Inc.,* 481 F.3d 552, 555-56 (7th Cir. 2007 ("Offense based purely on hearsay or rumor really is 'second hand'; it is less credible, and, for that reason and also because it is less confrontational, it is less wounding than offense based on hearing or seeing.").

Even though the burden on a plaintiff is not onerous under the NYCHRL, a plaintiff should still allege that the other individuals allegedly receiving better treatment were "similarly situated" to plaintiff. *See Batchelor v. The City of New York,* 2014 U.S. Dist. LEXIS 46921 at *58-59. *Jeune v. City of New York,* 2014 U.S. Dist. LEXIS 2574 (S.D.N.Y. Jan. 9, 2014) (NYCHRL claim dismissed because other than alleging that white officers were granted time off when their children were born, plaintiff failed to allege how or if those offers were similarly situated to the plaintiff); *Cho v. City of New York,* 2013 U.S. App. LEXIS 24822 (2d Cir. Dec. 16, 2013) (affirming a district court's dismissal of an age discrimination claim under the NYCHRL where the evidence did not show meaningful comparisons between plaintiff and alleged comparators.)  Merely asserting that a person was treated poorly because of his or her national origin is insufficient without such a comparison. *See Id.*

Here, Plaintiffs do not allege they were treated differently because of their national origin or that any actions against them were taken due to their national origin.  While they claim that they were born in Mexico, they do allege only very isolated incidents within the statute of limitations period.  *See* Opposition at pg. 19.  Also, as discussed above, of the comments made, those comments were not made directly to or in the presence of the Plaintiffs.  *See Id.*  Moreover, only a select few of the Plaintiffs were allegedly called names.  Specifically, there are no allegations in the Amended Complaint whatsoever pertaining to Plaintiffs Linares-Arenas or Leon.  As to Plaintiff Reyes, Plaintiffs allege on comment that was supposedly made to her by a "manager".  They have made no indication that they complained of such behavior or that any such comment was made more than once. Moreover, Plaintiffs merely claim that the non-Mexican employees were treated differently than Plaintiffs.  They do not say who those employees

were or whether they were similarly situated to Plaintiffs.  As such, Plaintiffs' Ninth Cause of Action must be dismissed.

<u>**POINT II**</u>

<u>**PLAINTIFFS DID NOT ALLEGE A HOSTILE WORK**</u><br><u>**ENVIRONMENT BASED ON RACE**</u>

Plaintiffs have failed to allege any actionable claims with respect to their hostile work environment claim based on race.  To make out a claim for hostile work environment, a plaintiff must allege that he or she was treated differently on account of their membership in a protected class. *Acosta v. City of New York*, 2012 U.S. Dist. LEXIS 60460 (S.D.N.Y. April 26, 2012) (claim dismissed where no allegations were made that the differing treatment was based on race.).  Specifically, a plaintiff must show that he or she was treated less well than other **similarly situated employees**, at least in part for discriminatory reasons. *Fenner v. News Corp.*, 2013 U.S. Dist. LEXIS 170187 (S.D.N.Y. December 2, 2013).

Moreover, "the NYCHRL, like Title VII and the NYSHRL, is still not a general civility code, and petty slights and trivial inconveniences are not actionable." *Davis-Bell*, 851 F. Supp. 2d at 671 (internal quotation marks omitted). It is insufficient to show a violation of the NYCHRL where a plaintiff has an obnoxious or overbearing boss. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013). Moreover, a plaintiff claiming national origin discrimination must allege that the discrimination is due to the plaintiff's race. *See Grant Brox. Constr. v. U.S.*, 232 U.S. 647; 34 S. Ct. 452; 58 L. Ed. 77 (1914)

Even under the more liberal standards of the NYCHRL, a Plaintiff must still allege an adverse employment action in correlation with his or her race. *See Galanis v. The Harmonie Club of the City of New York*, 2014 U.S. Dist. LEXIS 3001 (S.D.N.Y. January 10, 2014) ("Plaintiff's Complaint is factually deficient with respect to his national origin claims. Plaintiff does not present any facts demonstrating that the Club took an adverse employment action (or any adverse action) against him because of his national origin. Therefore, even under the more liberal standard of the NYCHRL, Plaintiff cannot satisfy the

elements of national origin-based discrimination claim so as to survive Defendants' motion to dismiss.")
As this Court stated in *Lioi v. New York City Dep't. of Healtch & Mental Hygiene*, 914 F. Supp. 2d 567,
2012 U.S. Dist. LEXIS 180287 (S.D.N.Y. Dec. 19 2012), "an adverse employment action is a materially
adverse change in the terms and conditions of employment." (internal quotations omitted).  This Court
further indicated that "[t]o be materially adverse, a change in working conditions must be more disruptive
than a mere inconvenience or an alteration of job responsibilities." *Id.*       Examples of "adverse
employment action" include, but are not limited to: termination, demotion, decrease in pay, a less
distinguished title. *Id.*

 The Amended Complaint fails in several respects as to Plaintiffs' claims of discrimination based
on race.  First, the Amended Complaint offers not one scintilla of factual support for Plaintiffs' allegation
that they were discriminated against due to their respective race.  Plaintiffs fail to allege what race they
are.  In fact, other than claiming that Plaintiffs are all of "Mexican descent", Plaintiffs allege nothing
further.  Specifically, while Plaintiffs allege they were called names while working in Spanish, English
and Greek, there is no indication that those words had anything to do with Plaintiffs' respective races.
Moreover, Plaintiffs have failed to allege any adverse employment action as a result of the alleged
discrimination based on Plaintiffs' race.  Therefore, logically, it would be impossible to infer that any
action taken against Plaintiffs, as none were alleged, were taken against Plaintiffs due to their respective
"race".  Simply put, Plaintiffs failed to allege a race, an adverse employment action or any connection
between and among the two.  As such, Plaintiffs' claims based on their "race" must be dismissed.

**POINT III**

**PLAINTIFF REYES DID NOT STATE A CLAIM FOR
GENDER DISCRIMINATION UNDER THE NYCHRL**

 Plaintiff Reyes has alleged no facts indicating that she was discriminated against in any manner
including due to her gender.  "Despite the popular notion that 'sex discrimination' and 'sexual
harassment' are two distinct things, it is, of course, the case that the latter is one species of sex- or gender-

5

based discrimination.  It is important to note that **there is no 'sexual harassment provision' of the law to interpret; there is only the provision of the law that proscribes imposing different terms, conditions, and privileges of employment based, inter alia, on gender."** *Williams v. New York City Housing Authority*, 61 A.D.3d 62 (1st Dep't. 2009) (emphasis added).  *See also* Administrative Code § 8-107[1] [a].

> A.  Plaintiff Reyes has failed to allege an "adverse employment action".

Plaintiff Reyes mistakenly claims that Defendants are incorrect in arguing that a plaintiff must allege an adverse employment action.  *See* Plaintiffs' Memorandum of Law in Opposition at pg. 16.  However, Plaintiff Reyes points to several cases discussing that under the NYCHRL, a plaintiff does not need to show that the employment action was "materially adverse".  *See id.*  The distinction is clearly important.  "An adverse employment action is a materially adverse change in the terms and conditions of employment."  *Galanis v. The Harmonie Club of the City of New York*, 2014 U.S. Dist. LEXIS 3001 (S.D.N.Y. Jan. 10. 2014) (internal quotations omitted) (verbal abuse and the assignment of a heavier workload do not qualify as an adverse employment action); *Noon v. Int'l, Business Machines*, 2013 U.S. Dist. LEXIS 174172 (S.D.N.Y. Dec. 11, 2013).

Specifically, in *Batchelor v. The City of New York*, 2014 U.S. Dist. LEXIS 46921 (E.D.N.Y. Feb. 16, 2014), the Court spent a considerable amount of time discussing this exact issue.  In that 2014 action, the plaintiff's claim for gender discrimination was dismissed because she did not allege an adverse employment action.  The Court found that being denied a vacation pick was not an "actionable employment action" with respect to her NYCHRL discrimination claims.  *Id.* at *53; *see also, EEOC v. Bloomberg, L.P.*, 2013 U.S. Dist. LEXIS 128388 (S.D.N.Y. 2013) (asking pregnant employee to reschedule a doctor's appointment not an adverse employment action under NYCHRL).

Here, Plaintiff Reyes has not alleged any change in her working conditions, material or otherwise.  She did not allege that the working conditions were intolerable, that she found the alleged comments objectionable at that time making the workplace unpleasant or that any action was taken against her in any manner.  To be clear, Plaintiff Reyes has specifically not alleged a hostile work

environment claim, rather, she attempted to only claim discrimination based on gender.  As such, Plaintiff Reyes' claim of gender discrimination must be dismissed.

B.  Plaintiff failed to compare herself with any similarly situated employees.

Even though the burden on a plaintiff is not onerous under the NYCHRL, a plaintiff should still allege that the other individuals allegedly receiving better treatment were "similarly situated" to plaintiff. *See Batchelor v. The City of New York*, 2014 U.S. Dist. LEXIS 46921 at *58-59. *Jeune v. City of New York*, 2014 U.S. Dist. LEXIS 2574 (S.D.N.Y. Jan. 9, 2014) (NYCHRL claim dismissed because other than alleging that white officers were granted time off when their children were born, plaintiff failed to allege how or if those offers were similarly situated to the plaintiff); *Cho v. City of New York*, 2013 U.S. App. LEXIS 24822 (2d Cir. Dec. 16, 2013) (affirming a district court's dismissal of an age discrimination claim under the NYCHRL where the evidence did not show meaningful comparisons between plaintiff and alleged comparators.)  Merely asserting that a person was treated poorly because of his or her gender is insufficient without such a comparison. *See Id.*

Here, the Amended Complaint fails to include any comparison of male to female employees.  In her Opposition, Plaintiff Reyes claim that they alleged that "[t]hroughout her employment, Reyes was the only woman employed by defendants" and that "Giannopoulous did not subject his male employees to similar abuse". *See* Opposition at pg. 17.  That is wholly insufficient to maintain a claim of gender discrimination as other than saying some unknown male employees were not treated the same, it doesn't allege that those unknown male employees were treated better nor does it describe if those unknown male employees were similarly situated to Plaintiff Reyes.  As such, Plaintiff Reyes' claim based on gender discrimination must be dismissed.

C.  Isolated incidents are insufficient for a claim of discrimination.

Moreover, isolated incidents of unwelcome verbal and physical conduct have been found to constitute the type of "petty slights and trivial inconveniences" that are not actionable even under the more liberal NYCHRL standard. *See, e.g., Magnoni v. Smith & Laquercia, LLP*, 701 F. Supp. 2d 497, 505-06 (S.D.N.Y. 2010).  To establish a gender discrimination claim under the NYCHRL, Plaintiff Reyes

must at least allege that she has been treated less well than other employees because of her gender. *Nelson v. HSBC Bank USA*, 87 A.D.3d 995, 929 N.Y.S.2d 259, 265 (2d Dep't. 2011); *Barounis v. New York City Police Department*, 2012 U.S. Dist. LEXIS 176477 (S.D.N.Y. December 12, 2012).

Plaintiff Reyes attempts to distinguish Defendants' cases cited in their moving brief, however, those attempts were disingenuous and deceiving. For example, Plaintiff Reyes argues that in Plaintiff Reyes' attempt to distinguish *Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 2013 U.S. Dist. LEXIS 135676 (E.D.N.Y. Sept. 23, 2013), she claims that the behavior was directed at both male and female staff, however, she ignores that there the supervisor would trap plaintiff in front of his crotch forcing her to touch him. Moreover, in attempting to distinguish *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 404 (S.D.N.Y. 2012) Plaintiff claims that the case only involved a supervisor that would sometimes stand too close to the plaintiff. Quite contrary to that the *Anderson* plaintiff also alleged that when the supervisor would stand too close to her her genitals were near his left shoulder and his nose was near her stomach. Thus, the Court found that behavior did "not violate even the lower threshold of the NYCHRL". *Id.*

Here, Plaintiff Reyes' claim for gender discrimination under the NYCHRL is insufficient as a matter of law and therefore must be dismissed as she did not allege that she was treated differently due to her gender, made no comparisons to any allegedly similarly situated male and alleged no adverse employment action.

## POINT IV

## PLAINTIFFS' RACE/NATIONAL ORIGIN CLAIMS UNDER THE NYCHRL ARE TIME-BARRED

The statute of limitations for claims under the NYCHRL is three years. N.Y.C. Admin. Code § 8-502(d). Plaintiffs merely allege that they were referred to as "lousy" on a weekly basis, however did not mention when it began or when it ceased. As such, that claim should be disregarded as time-barred. Moreover, As can be seen in the Complaint, Plaintiff Lopez worked for 3 Star beginning in 2003 and remained employed until February 2014. Plaintiffs Aguilar, Reyes, Linares-Arenas and Leon worked for

3 Star beginning in 2010. Plaintiff Abad Torres-Jacobo began working for 3 Star in 1998 and Roberto Torres-Jacobo began working for 3 Star in 1999. Plaintiffs have not alleged that any allegedly derogatory comments were made to Plaintiffs Aguilar, Linares-Arenas or Leon. As Plaintiffs do not give any indication as to when the alleged comments were made to them or in front of them, Defendants contend that the claims are time-barred as Plaintiffs do not allege the comments were made within the statute of limitations period. As such, the 8th and 9th causes of action in the Complaint must be dismissed.

## CONCLUSION

For all the foregoing reasons, the 3 Star Defendants respectfully request that the 8th and 9th causes of action in Plaintiffs' Complaint be dismissed with prejudice as to their Eighth and Ninth causes of action.

Dated: Garden City, New York
August 1, 2014

CULLEN AND DYKMAN LLP

By: _____
Cynthia A. Augello (CA8839)
Attorneys for Defendants
Travelers West Inc. d/b/a 3 Star Coffee
Shop and Anthony Giannopoulos
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3753

Of Counsel:
Cynthia A. Augello
Andreas Koutsoudakis