UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALFREDO GUZMAN LOPEZ, OFELIA REYES, RAUL LINARES-ARENAS, REGULO-ANDON AGUILAR, HIPOLITO SIERRA LEON, ABAD TORRES-JACOBO, and ROBERTO TORRES-JACOBO,

Plaintiffs,

- against -

TRAVELERS WEST INC. d/b/a 3 STAR COFFEE SHOP and ANTHONY GIANNOPOULOS,

Defendants.
------------------------------------------------------------------------x

Docket No.: 14-cv-1884

**ANSWER TO AMENDED COMPLAINT**

Defendants TRAVELERS WEST INC. d/b/a 3 Star Coffee Shop ("3 Star") and Anthony Giannopoulos ("Giannopoulos") (collectively "Defendants"), by and through their undersigned counsel, for their Answer to the allegations in the Complaint and to the first, second, third, fourth, fifth, sixth and seventh claims in the Complaint, state as follows:

1. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 1 of the Complaint.

2. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 2 of the Complaint.

3. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 3 of the Complaint.

4. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 4 of the Complaint.

5. Deny knowledge and information as to the truth of the allegations as to residence in paragraph 5 of the Complaint, except admit that Alfredo Guzman Lopez ("Lopez") worked at 3 Star.

6. Deny knowledge and information as to the truth of the allegations in paragraph 6 of the Complaint, except admit that Regulo-Andon Aguilar ("Aguilar") worked at 3 Star.

7. Deny knowledge and information as to the truth of knowledge and information as to the truth of the allegations in paragraph 7 of the Complaint, except admit that Ofelia Reyes ("Reyes") worked at 3 Star.

8. Deny knowledge and information as to the truth of the allegations in paragraph 8 of the Complaint, except admit that Raul Linares-Arenas ("Arenas") worked at 3 Star.

9. Deny knowledge and information as to the truth of the allegations in paragraph 9 of the Complaint, except admit that Hipolito Sierra Leon ("Leon") worked at 3 Star.

10. Deny knowledge and information as to the truth of the allegations in paragraph 10 of the Complaint, except admit that Abad Torres-Jacobo ("A. Jacobo") worked at 3 Star.

11. Deny knowledge and information as to the truth of the allegations in paragraph 11 of the Complaint, except admit that Roberto Torres-Jacobo ("R. Jacobo") worked at 3 Star.

12. Deny the allegations in paragraph 12 of the Complaint, except admit that Travelers West Inc. is a domestic corporation organized under the laws of the State of New York and which is now closed.

13. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 13 of the Complaint.

14. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint, except admit that Giannopoulos was involved in the day-to-day operations of 3 Star.

16. Deny the allegations in paragraph 16 of the Complaint, except admit that Giannopoulos had some power over personnel decisions at 3 Star.

17. Deny the allegations in paragraph 17 of the Complaint, except admit that Giannopoulos was involved in payroll decisions at 3 Star.

18. Deny the allegations in paragraph 18 of the Complaint, except admit that Giannopoulos was involved in payroll decisions at 3 Star.

19. Deny the allegations in paragraph 19 of the Complaint, except admit that Giannopoulos was involved in determining the schedules for employees at 3 Star.

20. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 20 of the Complaint.

21. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 21 of the Complaint.

22. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in paragraph 32 of the Complaint.

33. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 35 of the Complaint.

36. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 36 of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 38 of the Complaint.

39. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 39 of the Complaint.

40. Admit that Plaintiffs were paid, and otherwise deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint.

45. Deny the allegations in paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

49. Deny the allegations in paragraph 49 of the Complaint.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny the allegations in paragraph 51 of the Complaint.

52. Deny the allegations in paragraph 52 of the Complaint.

53. Deny the allegations in paragraph 53 of the Complaint.

54. Deny the allegations in paragraph 54 of the Complaint.

55. Deny the allegations in paragraph 55 of the Complaint.

56. Deny the allegations in paragraph 56 of the Complaint.

57. Deny the allegations in paragraph 57 of the Complaint.

58. Deny the allegations in paragraph 58 of the Complaint.

59. Deny the allegations in paragraph 59 of the Complaint.

60. Deny the allegations in paragraph 60 of the Complaint.

61. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 61 of the Complaint.

62. Deny knowledge and information as to the truth of the allegations in paragraph 62 of the Complaint.

63. Deny the allegations in paragraph 63 of the Complaint.

64. Admit the allegations in paragraph 64 of the Complaint.

65. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 65 of the Complaint.

66. Deny the allegations in paragraph 66 of the Complaint.

67. Deny the allegations in paragraph 67 of the Complaint.

68. Deny the allegations in paragraph 68 of the Complaint.

69. Deny the allegations in paragraph 69 of the Complaint.

70. Deny the allegations in paragraph 70 of the Complaint.

71. Deny the allegations in paragraph 71 of the Complaint.

72. Deny the allegations in paragraph 72 of the Complaint.

73. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 73 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

74. In response to paragraph 74, the above responses to the allegations in the Complaint are herein repeated as if fully set forth herein.

75. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 75 of the Complaint.

76. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 76 of the Complaint.

77. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 77 of the Complaint.

78. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 78 of the Complaint.

79. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 79 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

80. In response to paragraph 80, the above responses to the allegations in the Complaint are herein repeated as if fully set forth herein.

81. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 81 of the Complaint.

82. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 82 of the Complaint.

83. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 83 of the Complaint.

84. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 84 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

85. In response to paragraph 85, the above responses to the allegations in the Complaint are herein repeated.

86. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 86 of the Complaint.

87. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 87 of the Complaint.

88. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 88 of the Complaint.

89. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 89 of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

90. In response to paragraph 90, the above responses to the allegations in the Complaint are herein repeated as if fully set forth herein.

91. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 91 of the Complaint.

92. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 92 of the Complaint.

93. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 93 of the Complaint.

94. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 94 of the Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

95. In response to paragraph 95, the above responses to the allegations in the Complaint are herein repeated as if fully set forth herein.

96. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 96 of the Complaint.

97. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 97 of the Complaint.

98. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 98 of the Complaint.

99. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 99 of the Complaint.

### ANSWERING THE SIXTH CAUSE OF ACTION

100. In response to paragraph 100, the above responses to the allegations in the Complaint are herein repeated as if fully set forth herein.

101. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 101 of the Complaint.

102. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 102 of the Complaint.

103. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the allegations in paragraph 103 of the Complaint.

### ANSWERING THE SEVENTH CAUSE OF ACTION

104. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 104 of the Complaint.

105. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 105 of the Complaint.

106. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 106 of the Complaint.

107. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 107 of the Complaint.

108. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 108 of the Complaint.

### ANSWERING THE EIGHTH CAUSE OF ACTION

109. In response to paragraph 109, the above responses to the allegations in the Complaint are herein repeated as if fully set forth herein.

110. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 110 of the Complaint.

111. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 111 of the Complaint.

112. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 112 of the Complaint.

113. Refer all questions of law to the Court at the trial of this action, admit that she worked at 3 Star, and except as so referred or admitted, deny the remainder of the allegations in Paragraph 113 of the Complaint.

114. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 114 of the Complaint.

115. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 115 of the Complaint.

### ANSWERING THE NINTH CAUSE OF ACTION

116. In response to paragraph 116, the above responses to the allegations in the Complaint are herein repeated as if fully set forth herein.

117. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 117 of the Complaint.

118. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 118 of the Complaint.

119. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 119 of the Complaint.

120. Refer all questions of law to the Court at the trial of this action, and except as so referred, deny the remainder of the allegations in Paragraph 120 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

121. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

122. Individual defendant Anthony Giannopoulos is not and was not an "employer" within the meaning of the Fair Labor Standards Act ("FLSA") or the New York State Labor Law ("NYLL").

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

123. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

124. Plaintiffs' Rule 23 class claims are incompatible with their Rule 216(b) collective action claims. Accordingly, this Court should dismiss Plaintiffs' Rule 23 class allegations with prejudice and allow Plaintiffs to assert their state law wage and hour claims on an individual basis in this action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

125. This Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York State Law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

126. Defendants, at all times, acted in good faith to comply with the FLSA and the NYLL, and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to

violate the FLSA or the NYLL as a defense to any claim by Plaintiffs for liquidated damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

127. Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because such actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

128. Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not in violation of the FLSA or the NYLL.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

129. Plaintiffs' claims are barred, in whole or in part, to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207, or the NYLL.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

130. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

131. If Plaintiffs succeed in establishing a violation under the FLSA or the NYLL, and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

132. Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the FLSA and/or the NYLL.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

133. Plaintiffs cannot establish or satisfy the requirements of a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

134. Plaintiffs cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class action allegations of the complaint should be stricken and dismissed.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

135. The FLSA and its collective action procedures preempt state law that might otherwise permit class action treatment.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

136. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA or the NYLL.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

137. Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

138. Plaintiffs' Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

139. Plaintiffs' claims are barred to the extent any particular employee petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

140. Plaintiffs' class allegations must be dismissed because an independent and individual analysis of each putative class member's claims and each of Defendants' breaches to such claims is required.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

141. In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

WHEREFORE, Defendants request judgment against the Plaintiffs with respect to their claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: Garden City, New York
October 2, 2014

CULLEN AND DYKMAN LLP

By: _____
Andreas Koutsoudakis (AK4162)
Attorneys for Defendants
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
516-357-3700

To: Vivianna Morales, Esq.
Berke-Weiss & Pechman LLP
488 Madison Avenue, 11th Floor
New York, NY 10022
(212) 583-9500